# Stone & Associates, L.L.C.

415 West Washington Street • Suite 107 • Waukegan, Illinois 60085 • (847) 336-7888 • Fax (847) 336-0733

July 3, 2008

Jennifer Taborski
United States Probation Officer
211 South Court Street
Rockford, Illinois 61101

Re:  U.S. v. Jeff Bartlett
     08 CR 50004-1
     Objections to the PSI

Dear Ms. Taborski:

    Mr. Bartlett and I have reviewed your draft of the Pre-Sentence Investigation Report. We have the following objections:

    1.    Jeff Bartlett was not an organizer, leader, manager or supervisor of the criminal activity. While he did ask Thomas Jaeger to burn his brother's business, he did not manage or supervise Jaeger's selection of the third party to perform the arson. Jaeger freely selected this individual without direction from Mr. Bartlett. To be a "leader" there must be evidence that Mr. Bartlett "controlled" others. We know from Jaeger's statements to ATF agents that he, not Mr. Bartlett, recruited the arsonist. It was Jaeger who had and used knowledge of explosives to burn down Mr. Bartlett's brother's building. Mr. Bartlett did not "manage" or "supervise" Jaeger in the means, mechanics or method of this arson. Jaeger, not Mr. Bartlett, already possessed the skill, knowledge and expertise to do so. It is clear from the ATF reports that Mr. Bartlett did not "manage" or "supervise" the setting of the fire or the means or method of setting the fire. This was completely the work of Jaeger and his accomplice. Merely showing Jaeger where his brother's business was located is insufficient to support a managerial or supervisory role in the offense. In fact, Jaeger selected the accomplice, chose the means of the arson and implemented the method without any involvement by Mr. Bartlett. Jeff Bartlett was not an organizer, leader, manager or supervisor.

    2.    Mr. Bartlett is entitled to a three point deduction for acceptance of responsibility. Following the indictment in this cause, Jeff Bartlett, nearly immediately, contacted the prosecution through his attorney and plead guilty. This act of immediate acknowledgement of culpability is a clear statement of acceptance of responsibility. Moreover, the government acknowledged Mr. Bartlett's acceptance of responsibility in the plea agreement. "Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his

criminal conduct." In your draft of the PSI you note that Mr. Bartlett told you in clear and unambiguous language, "I am responsible for my own actions. I take responsibility; it's my fault. Nobody made me do it....I take responsibility for hiring someone to burn down by brother's business." Additionally the government has moved, pursuant to our bargained for agreement, to reduce this offense an additional level because of Mr. Bartlett's timely notifying the government of his intention to plead guilty thereby permitting the government to avoid preparing for trial and allocating its resources efficiently. On a final note for acceptance points, Mr. Bartlett is preparing a certified check, payable to Cincinnati Insurance in the sum of fifteen thousand dollars ($15,000.00) payable towards restitution.

3. On the criminal history points, Mr. Bartlett objects to the points assessed for the following:

A. Court supervision sentence of driving while license revoked, July 31, 2003. Sec. 4A1.2 (c) excludes driving without a license or with a revoked or suspended license where the sentence was not a term of **probation** for a period of at least one year.
B. The conditional discharge in Cook County from July 29, 1993 was terminated on July 7, 1994; as such it is **less than one year period** of probation and no points may be assessed.
C. Similarly, in the November 18, 1994, Cook County criminal damage to property matter, the court ordered probation to terminate October 25, 1995, a period of **less than one year**; no criminal history points may be assessed.
D. The August 1995 DUI supervision where the sentence was not a period of **probation** for at least one year.
E. The March 2002 criminal damage to property offense where the court adjusted his sentence to **ten months probation**, a period of less than one year probation.
F. The May 2002 domestic battery offense where the court adjusted his sentence to **eight months probation**, a period of less than one year probation.
G. The April 2003 driving on a revoked license, where the sentence was not a term of **probation** for a period of at least one year.
H. This leaves 1 point for the July 1991 battery conviction; 3 points for the January 1992 criminal damage to property; total criminal history points are 4 and his Category III.

4. The PSI indicates that a Winnebago County traffic ticket warrant (failure to appear) exists in state court case 07 TR 67876. Winnebago County Circuit Judge White ordered that Mr. Bartlett's pending traffic case follow his pending marijuana charge (06 CF 1247). As such if a warrant was issued it was issued improvidently and will be recalled by Judge White when the marijuana case is next up.

The Guideline calculations therefore should be as follows:

> Base offense level.............24
> Adjustment (obstruction)......2
>
> Adjusted offense level........26
> Adjustment for acceptance
>       of responsibility......-3
>
> Total offense level............23

Criminal History III. Range 57 to 71 months. Jeff Bartlett should receive a sentence of 60 months or five years as required by Congress, mid-range of the Guidelines.

A final note: Thomas Jaeger is misleading the prosecution by implicating his deceased friend and protecting his living accomplice. Joe Plezbert had nothing to do with this offense. Jaeger hired Kenneth Warhack to set the fire. Plezbert is dead and cannot be prosecuted, let alone questioned. Warhack is being protected by Jaeger for reasons unknown to the defense.

Sincerely,

*[signature]*

Jed Stone


cc:    Mark T. Karner, Assistant U.S. Attorney
        308 West State Street, Suite 300
        Rockford, Illinois 61101