IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICIA,   ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | No.  08CR50004-1 |
| ) | |
| JEFF BARTLETT,   ) | |
| Defendant.   ) | |

JEFF BARTLETT'S MOTION TO EXCLUDE TESTIMONY

    NOW COMES the defendant, JEFF BARTLETT, by his attorneys, Stone & Associates, L. L. C., and moves this Court as follows:

    1.    On Tuesday, July 22, 2008, Assistant United State Attorney Mark Karner notified the defense that the government intends to call five (5) witnesses at the hearing scheduled for Monday, July 28, 2008, Mr. Bartlett's sentencing. The witnesses include:

    a.    Jamie Schuck, a former girlfriend of Mr. Bartlett;
    b.    Colleen Galley, a motorist with whom Mr. Bartlett had a traffic collision in October 1988;
    c.    Mark Bartlett, the brother of the defendant and victim in the instant cause;
    d.    Thomas Jaeger, the codefendant in this cause; and
    e.    Tim Glascott, a friend of Jaeger who claims to have information about the Galley matter.

    2.    The defense recognizes the  right of the government to call Mark Bartlett and Thomas Jaeger should they choose to do so.  We object to the government calling Ms. Schuck, Ms. Galley and Mr. Glascott.

    3.    These three individuals are expected to offer testimony about uncharged conduct from October 1988, twenty years ago.

    4.    Ms. Schuck is a former girlfriend of JEFF BARTLETT.  The government wants her to testify about a traffic accident in October 1988, in which JEFF BARTLETT was driving her car.  Following the collision with Colleen Galley,  Ms. Schuck is expected to say that she switched places with JEFF BARTLETT to make it appear that she and not BARTLETT was driving.  She is further expected to offer testimony that BARTLETT enlisted a person identified by her as Adam Budzyn.  She did not witness any conversation between BARTLETT and Budzyn. Nevertheless the government wants her to testify that she believes that Budzyn was enlisted by BARTLETT to destroy Ms. Galley's car the night before the traffic court hearing.  In her grand jury testimony, Ms. Schuck told the government, "Well, I was unsure of what, what

that conversation actually was going on…" Grand Jury minutes, November 6, 2007, page 7, line 15.

     5.     The government should be precluded from offering speculative testimony to further tarnish Mr. BARTLETT, especially where such testimony involves alleged conduct from twenty years ago that was never charged, never prosecuted, never adversarily tested and is not contained in the presentence investigation filed with the court on June 25, 2008.

     6.     Tim Glascott is expected to be called by the government to claim that he (not Budzyn) and BARTLETT did damage to Ms. Galley's car in the fall of 1988. Here again the conduct was not included in the psi, not charged or prosecuted and is untested by the adversary process.

     7.     The government is reaching well beyond the bounds of aggravating evidence by attempting to introduce evidence of uncharged misconduct from twenty years ago. It is significant that the government has only recently revealed grand jury testimony of Ms. Schuck from November 2007, an ATF report of September 25, 2007 of an interview with Colleen Galley and a July 20, 2008 ATF report of an interview with Tim Glascott. No police reports, complaints, investigative notes, charges or documents contemporaneous with the October 1988 alleged events have been disclosed, if any exist. The Schuck grand jury testimony was provided to defense on July 23, 2008, and the Galley and Glascott ATF reports were provided today, July 25, 2008 only after repeated requests to produce after defense counsel learned of the government's attempt to call these witnesses.

     8.     This evidence is remote, speculative and well beyond the pre-sentence investigation upon which the parties and this Court rely.

     WHEREFORE, JEFF BARTLETT prays that this Court exclude the testimony of Ms. Schuck, Ms. Galley and Mr. Glascott from his sentencing hearing.

                                                 Respectfully submitted,

                                                 s/ Jed Stone
                                          One of the attorneys for JEFF BARTLETT

Jed Stone
Stone & Associates, L. L. C.
415 West Washington Street
Suite 107
Waukegan, Illinois 60085
847 336 7888

**CERTIFICATE OF FILING AND SERVICE**

I, JED STONE, certify that on July 25, 2008, I caused the foregoing pleading (1) to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division; and (2) a copy thereof to be faxed to:

>Mark T. Karner
>Assistant United States Attorney
>308 West State Street – Room 300
>Rockford, Illinois 61101
>815-987-4236

>s/ Jed  Stone
>One of the attorneys for JEFF BARTLETT